IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUON JOHNSON, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:13-CV-306-WKW [WO] |
| TITLEMAX OF ALABAMA, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219.  Before the court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5) and (6).  (Doc. # 4.)  In response to Defendant's motion to dismiss the complaint for failure to state a claim, Plaintiff moves for leave to file a first amended complaint, which also is before the court. (Doc. # 19.)  The motion to amend is due to be granted; the motion to dismiss pursuant to Rule 12(b)(4) and (5) is due to be denied; and the motion to dismiss pursuant to Rule 12(b)(6) is due to be denied as moot.

**A.**     **Rule 12(b)(2),(4) and (5)**

Defendant argues that Plaintiff failed to perfect service of process because he addressed the certified mailing to the registered agent, CT Corporation Systems,

yet failed to address it to a natural person, as required by Alabama Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(h)(1)(A) (permitting service on a corporation in accordance with state law). It further argues that the person who signed for the mail, Laura Payne, did not check the box labeled "agent" on the return receipt proving that she was authorized to receive mail on behalf of Defendant. Plaintiff argues that service was perfected because Defendant received and answered the summons and complaint by filing its motion to dismiss. Alternatively, Rule 4(i)(2)(C) defines "agent" as "a person or entity specifically authorized . . . ," and C.T. Corporation Systems is clearly such an entity. Finally, Plaintiff argues that if the court finds that he did not fully comply, then he substantially complied and any alleged problems associated with the service did not result in harm to Defendant.

Defendant cites several cases that support its contention that a plaintiff must strictly adhere to the service rules to confer jurisdiction. Notably however, each case cited by Defendant is distinguishable from the facts in this case. Each case involves circumstances where a default judgment or motion for entry of default has been granted against the defendant and service was not strictly adhered to and therefore, improper. *See Duncan v. S.N.*, 907 So. 2d 428 (Ala. 2005); *Premier Health Mgmt., Inc. v. Sherling*, 100 So. 3d 561 (Ala. Civ. App. 2012); *LVNV Funding LLC v. Boyles*, 70 So. 3d 1221 (Ala. Civ. App. 2009); *Johnson v. Champion*, No. 12-334-WS-M, 2013 WL 275957 (S.D. Ala. Jan. 24, 2013). The

court agrees that in those circumstances, it was questionable whether the defendants received service, and, thus, default judgments or entries of default were not warranted.  Rule 4 is clear on the issue:

> (C)   When effective.   Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the receipt.  Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. . . . **An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default**.

Ala. R. Civ. P. 4(i)(2)(C) (emphasis added).   Here, any alleged defects in Plaintiff's service of process has not resulted in a failure to inform Defendant of the action within time to avoid default, unlike the defendants in *Duncan*, *Johnson*, *Premier Health*, and *LVNV Funding*.

Alabama Rule of Civil Procedure 4(i)(2)(B)(i) describes service by certified mail.  It states, "In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in [Rule 4(c)(6)]."  Rule 4(c)(6) permits service "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any **agent** authorized by appointment or by law to receive service of process."   The Rule further describes when it is deemed effective and defines the meaning of agent stating, "'agent' means a **person or entity** specifically authorized by the addressee [TitleMax] to receive the

addressee's mail and to deliver that mail to the addressee."   Ala. R. Civ. P.

4(i)(2)(C) (emphasis added).   Therefore, an "agent" as described by the rule (as

opposed to "addressee"), can be a natural person or an entity.

Defendant does not contest the entity's authority to receive mail for it and

expressly states, "[t]o be clear, CT Corporation Systems was Defendant's

registered agent for service in Alabama.  However, as the *Johnson* court correctly

held, an entity [that] serves as a registered agent under Alabama law may be served

by certified mail only if addressed properly to a natural person."  (Doc. # 5 at 8

n.3.)  Defendant misunderstands the *Johnson* court.  The *Johnson* court confirms

that "[a]n agent for receipt and delivery of mail can be a 'person or entity.'  Ala. R.

Civ. P.  4(i)(2)(C).   The addressee, however, must be a 'person,' *id.* Rule

4(i)(2)(B)(i), (ii), which rules out artificial entities as acceptable addressees."

*Johnson*, 2013 WL 275957 at *2 n.2.[1]  Indeed, "service is not complete until the

mailing is delivered to the human addressee **or** to his agent for purposes of receipt

and delivery of mail."  *Id.* at *2 (emphasis added) (citations omitted).  Defendant's

argument is wrong, as it relies on CT Corporation being the addressee.  Correctly

stated, TitleMax is the addressee, and CT Corporation is the agent.  Perhaps a

---

[1]  Footnote 2 of the *Johnson* opinion cites Rule 4(i)(2)(B)(iii).  However, Rule 4(i)(2)(B)(iii) does not exist and should read Rule 4(i)(2)(B)(i), (ii), to correlate with the relevant paragraph of the opinion which does cite the Rule correctly.

natural person with TitleMax should have been named as addressee, but that is not Defendant's argument.  Accordingly, Defendant's first argument fails.

Defendant further argues that Laura Payne did not check the agent or addressee box on the return receipt.  The courts in *Premier Health* and *Duncan* held that service by certified mail was not valid because the plaintiffs offered "no evidence indicating that the person who signed the return receipt was 'specifically authorized by [the defendants] to receive mail and to deliver that mail to [the defendants].'"  *Duncan*, 907 So. 2d at 432.  "To the contrary, the box marked 'agent' on the return receipt was left blank."  *Id; see also Premier Health*, 100 So. 3d at 568.

Contrary to the defendants in *Premier Health* and *Duncan*, Defendant concedes that CT Corporation Systems is authorized to receive its mail and it was not in danger of default judgment and thus, was not harmed.  Rule 4(i)(2)(C) does not allow for an action to be dismissed for improper service in circumstances like these.  "An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default."  Ala. R. Civ. P. 4(i)(2)(C).  Accordingly, Defendant's second argument also fails, and service was proper.  Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), (4), and (5) is due to be denied.

**B.**     **Motion to Amend**

Defendant generally does not oppose a curative amendment to the complaint, but argues that the proposed first amended complaint does not cure all of the pleading defects, in particular, those pertaining to the collective class allegations.  "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

The proposed amendment to the complaint is curative and not futile as to Plaintiff's individual FLSA allegations.  "[T]he requirements to state a claim of a FLSA violation are quite straightforward."  *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).  Pursuant to § 207(a)(1), an employer shall pay a covered employee for hours worked in excess of forty hours a week.  *See* 29 U.S.C. § 207(a)(1).  "The elements that must be shown are simply a failure to pay overtime . . . to covered employees . . . in accordance with the [FLSA]."  *Labbe*, 319 F. App'x at 763.  The first amended complaint specifies Plaintiff's position (general manager), the factual basis for Plaintiff's belief that he was a covered,

6

non-exempt employee for FLSA purposes (an employer-provided form specifically designating Plaintiff as "non-exempt"), the hours for which Defendant did not compensate Plaintiff (hours worked in excess of forty hours a week), the amount of pay Plaintiff contends he should have received for those unpaid hours (time and a half), and the time frame of the alleged FLSA violations (March 2012 to March 2013). These allegations satisfy the straightforward elements of § 207(a)(1), comply with the pleading standards set forth in *Iqbal* and *Twombly*,[2] and are sufficient to withstand a motion to dismiss.

The same conclusion is warranted as to the proposed first amended complaint's FLSA collective class allegations addressed to other similarly situated, non-exempt managers. "An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The employees should be "'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)).

---

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As alleged, Defendant gave Plaintiff a form expressly designating him as a "non-exempt" employee.  (*See* Proposed 1st Am. Compl. ¶ 21 & Ex. A.)  Plaintiff alleges that Defendant also "defined" other managers as "non-exempt" and failed to pay them overtime during the same period of time.  (*See* Proposed 1st Am. Compl. ¶ 30.)  Although Defendant argues that the allegations are deficient as to Plaintiff's and the other employees' job descriptions, the authority it cites is distinguishable.  *See Pickering v. Lorillard Tobacco Co.*, No. 10cv633, 2011 WL 111730 (M.D. Ala. 2011).  Unlike in *Pickering*, Plaintiff alleges that his employer affirmatively classified certain managerial employees as non-exempt. Defendant's express designation (a concession of sorts) obviates the need for detailed factual comparisons of job duties and descriptions of the comparators, at least at the pleading stage.  Discovery may reveal a different set of facts, but for pleading purposes, Plaintiff's allegations suffice.

Based upon Rule 15(a)(2) and because the amendment is not futile (and makes factual allegations that would survive a Rule 12(b)(6) motion to dismiss), the court will grant Plaintiff leave to amend his complaint.

## C.    Conclusion

Accordingly, it is ORDERED that Plaintiff's motion for leave to file a first amended complaint (Doc. # 19) is GRANTED.  On or before **November 15, 2013,**

Plaintiff shall file a duplicate of the first amended complaint that is attached as an exhibit to Plaintiff's response (Doc. # 19-3).

Because service was proper, it is further ORDERED that Defendant's motion to dismiss pursuant to Rule 12(b)(2), (4), and (5) (Doc. # 4) is DENIED. Defendant's motion to dismiss pursuant to Rule 12(b)(6) and Plaintiff's Motion for Hearing (Doc. # 21) are DENIED as MOOT.

DONE this 7th day of November, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE